IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:18-cr-00005-3

MICHAEL EUGENE GINTHER

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Michael Ginther's Motion for Compassionate Release. [ECF No. 208]. For the reasons that follow, the motion is **DENIED**.

I. Background

On August 2, 2018, Defendant pled guilty to conspiracy to distribute five grams or more of methamphetamine. [ECF No. 123]. On April 11, 2019, this court sentenced Defendant to a 72-month term of imprisonment. [ECF No. 200]. Defendant is currently housed at Federal Correctional Institution ("FCI") Elkton, which has had one of the worst COVID-19 outbreaks in the country.

II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are

'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Ginther's sentence under compassionate release, I must find that Mr. Ginther has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). To find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Ginther must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention (CDC) as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus.

a) **Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request

was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Ginther requested compassionate release from the Warden at FCI Elkton and was denied on April 25, 2020. *See* Ex. 4 [ECF No. 217]. Thus, the requisite 30 days has passed, and Mr. Ginther has satisfied administrative exhaustion.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts have found "extraordinary and compelling" reasons "supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19."[2] *See e.g.*, *Bass*, 2020 WL 2831851, at *7 (citing *e.g.*, *Rodriguez*, 2020 WL

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

[2] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy

1627331, at *9 (finding an "extraordinary and compelling reason" on the basis of the inmate's diabetes, high blood pressure, and liver abnormalities, the outbreak at FCI Elkton, and the short period remaining on his sentence); *United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and conditions at FCI Danbury); *United States v. Foreman*, No. 19-CR-62, 2020 WL 2315908, at *2–4 (D. Conn. May 11, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and age of 58, in combination with conditions at FCI Danbury); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *2, 9 (S.D.N.Y. Apr. 20, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension, age of 55, and conditions at FCI Butner, which had 60 infected inmates); *United States v. Soto*, No. 18-CR-10086, 2020 WL 2104787, at *2 (D. Mass. May 1, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and the presence of 27 reported inmate cases in his facility); *United States v. Pena,* No. 15-CR-551, 2020 WL 2301199, at *3, 4 (S.D.N.Y. May 8, 2020) (finding an

---

statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.[2] Thus, courts have taken this to mean that "there does not currently exist, for purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *See e.g., United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Brant*, No. 218CR20155TGBMKM1, 2020 WL 2850034, at *4 (E.D. Mich. June 2, 2020); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *3 (C.D. Ill. May 15, 2020).

"extraordinary and compelling reason" on the basis of the inmate's hypertension and hyperlipidemia and the presence of 43 confirmed cases at "the most heavily populated BOP facility"); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's immunocompromization and the nature of the facility).

Here, Defendant has presented no evidence of any medical conditions that would make him more vulnerable to COVID-19. In fact, Defendant's counsel asserts the following:

> Defendant's counsel has reviewed the medical records provided by the Bureau of Prisons and filed with the Court under seal. In addition, the Defendant's counsel has obtained some medical records provided by the family of the Defendant. The Defendant's counsel sees no evidence that the Defendant suffers from any medical condition which makes him a high risk with COVID-19 than the normal citizen. However, the Defendant has advised his counsel that at one time he was advised that he was borderline diabetic and high blood pressure. However, the Defendant's counsel has no records to support the same.

Def.'s Mem. Supp. [ECF No. 217] 3.

Though I am gravely concerned about the COVID-19 outbreak at FCI Elkton, *see United States v. White*, No. 2:17-CR-00198-4, 2020 WL 3244122, at *6 (S.D.W. Va. June 12, 2020), I cannot find "extraordinary and compelling" reasons exist here for release. Mr. Ginther has presented no evidence that he suffers any medical condition that would make him more vulnerable to COVID-19. Accordingly, I **DENY** Mr. Ginther's Motion for Compassionate Release. [ECF No. 208].

### III) Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release, [ECF No. 208], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 24, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE