IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL ACTION NO. 2:18-cr-00005-3

MICHAEL EUGENE GINTHER

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Michael Ginther's Supplemental Motion for Reconsideration [ECF No. 223] of his earlier motion for compassionate release [ECF No. 208]. For the reasons that follow, the Motion is **DENIED**.

I denied Defendant's earlier motion for compassionate release on July 24, 2020, because Defendant "presented no evidence of any medical conditions that would make him more vulnerable to COVID-19" and, therefore, I could not find "extraordinary and compelling reasons" to justify granting release. [ECF No. 218, at 5]. Now, Defendant asks that I reconsider my earlier ruling because, in his view, the seriousness of the prior COVID-19 outbreak at FCI Elkton warrants compassionate release even for those inmates who do not have an identified medical condition.[1]

---

[1] I recognize that the COVID-19 situation at FCI Elkton was once more dire than it is today. According to the Bureau of Prisons ("BOP"), a total of 954 inmates at FCI Elkton have been diagnosed with and subsequently recovered from COVID-19, and nine inmates have died of the disease. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Sept. 22, 2020). As of today, however, there is only one confirmed positive inmate at the facility. *See id.* BOP also reports that it has tested 2,044 inmates at FCI Elkton for COVID-19. *See COVID-19 Inmate Test Information*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Sept. 22, 2020). The facility

However, I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a condition that makes him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. *See United States v. John Delaney Wilson*, ---F. Supp.3d----, ---, No. 2:18-cr-00295, 2020 WL 4287592 at \*2 (S.D.W. Va. July 27, 2020); *see also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at \*2 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which conditions result in an inmate being a higher risk for COVID-19, I defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 21, 2020). Using CDC guidance allows for more predictable standards in deciding which defendants have "extraordinary and compelling" reasons justifying release.

In his Motion for Reconsideration, Defendant again fails to allege any medical condition at all, much less one appearing on the CDC's list. Accordingly, Defendant's

---

houses a total of 2,045 inmates. *FCI Elkton*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/elk/ (last visited Sept. 22, 2020).

2

Motion [ECF No. 223], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 22, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE